UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANGEL PICHARDO GONZALEZ | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 5:14-CV-83 |
| | § | CRIMINAL ACTION NO. 5:13-CR-99 |
| UNITED STATES OF AMERICA | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Angel Pichardo Gonzalez's Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. No. 1; Cr. Dkt. No. 41) and his Application to Proceed In Forma Pauperis (Dkt. No. 2; Cr. Dkt. No. 42).[1] The Court has carefully reviewed Petitioner's Motion, along with all pertinent matters in this case. Based on this review and the application of governing legal authorities, Petitioner's Motion (Dkt. No. 1; Cr. Dkt. No. 41) is hereby **DENIED**, his claims are **DISMISSED WITH PREJUDICE**, and his Application to Proceed In Forma Pauperis (Dkt. No. 2; Cr. Dkt. No. 42) is therefore **DENIED AS MOOT**.

### I. BACKGROUND

On February 5, 2013, a federal grand jury in Laredo, Texas, charged Petitioner in a one-count indictment with illegal reentry after deportation in violation of 8 U.S.C. § 1326.[2] On April 17, 2013, Petitioner pled guilty to the § 1326

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:14-CV-83 and "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:13-CR-99.

[2] Cr. Dkt. No. 7.

1 / 8

offense without a plea agreement.³  He came before the undersigned on October 16, 2013, and was sentenced to 87 months' imprisonment to be followed by a 3-year term of supervised release.⁴  After pronouncing sentence, the undersigned informed Petitioner that he had the right to appeal, but that he must do so by filing a Notice of Appeal within fourteen days and that an attorney would be appointed if he could not afford one.⁵

Petitioner did not file an appeal.  Instead, on June 12, 2014, Petitioner filed the instant Motion, wherein he asserts: (1) that his attorney was ineffective by failing to file a requested notice of appeal; (2) his attorney was ineffective by failing to argue successfully that his guideline score overstated the seriousness of the offense and the seriousness of his criminal history; and (3) the fast track disparity is unwarranted under 18 U.S.C. § 3553(a)(6) and results in a sentence greater than necessary to meet the § 3553(a) purposes of punishment.⁶

**II. STANDARD FOR RELIEF UNDER 28 U.S.C. § 2255**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."⁷  After conducting an initial examination of the motion, the Court must dismiss it if "it plainly appears from the motion, any attached exhibits, and the record of prior

---

³ Cr. Dkt. No. 18.
⁴ Cr. Dkt. No. 31.
⁵ Audio Recording of October 16, 2013, Sentencing at 4:01:00–4:01:13.
⁶ Dkt. No. 1.  Although Petitioner's Motion lists six grounds for relief, several are duplicative.  Liberally construed, the Motion makes three separate claims for relief, each of which is addressed in this Order.
⁷ *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

proceedings that the moving party is not entitled to relief . . . ."[8] An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[9] Further, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[10]

Where, as here, the petitioner claims ineffective assistance of counsel, the burden of proof is on the petitioner to demonstrate counsel's ineffectiveness by a preponderance of the evidence.[11] To show that counsel was ineffective, a petitioner must demonstrate first that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense.[12] The allegations of ineffective assistance of counsel must be supported by the record.[13] "Finally, bald conclusory statements by a defendant are not enough to sustain a claim of ineffective assistance of counsel."[14]

### III. ANALYSIS

#### A. Claim One – Ineffective Assistance of Counsel for Failure to File Notice of Appeal

Petitioner argues that his counsel was ineffective by failing to file a requested notice of appeal. Where counsel fails to file a notice of appeal despite the

---

[8] 28 U.S.C. § 2255; *Rule 4(b), Rules Governing Section 2255 Proceedings*; *United States v. Sheid*, 248 F. App'x 543, 544 (5th Cir. 2007).
[9] 28 U.S.C. § 2255(b).
[10] *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998)).
[11] *Martin v. Maggie*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).
[12] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[13] *United States v. Johnson,* 679 F.2d 54, 58–59 (5th Cir. 1982).
[14] *George v. United States*, No. 1:11-CV-120, 2014 WL 1116902, at *7 (E.D. Tex. Mar. 18, 2014) (citing *Sayre v. Anderson,* 238 F.3d 631, 635–36 (5th Cir. 2001)).

petitioner's specific instructions to appeal, such failure constitutes ineffective assistance of counsel even without a showing that the appeal would have merit.[15] As the Supreme Court has made clear, however, the petitioner must "demonstrate that, but for counsel's deficient conduct, he would have appealed."[16]

Assuming as true the facts alleged in Petitioner's Motion, Petitioner asked his attorney to appeal, his attorney counseled against the success of such appeal, and then Petitioner did not file an appeal "[b]ecause my counsel's opinion was that does not [sic] worthy since . . . I was going to lose the appeal."[17] In sum, Petitioner's claim reflects that, upon the advice of counsel, he decided that an appeal would not be in his best interest.

Faced with similar ineffective-assistance arguments, numerous courts have found that counsel is not deficient in failing to file an appeal when a client initially wants to appeal but later reconsiders after speaking with his attorney.[18] Similarly, here, Petitioner does not indicate that he requested an appeal after being advised

---

[15] *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000); *see also United States v. Joy*, 354 F. App'x 45, 46 (5th Cir. 2009) ("Because [petitioner] has not established that he directed his lawyer to file a notice of appeal, he cannot succeed on his claim that counsel was ineffective for failing to carry out the request.").

[16] *Flores-Ortega*, 528 U.S. at 484 ("If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.").

[17] Dkt. No. 1 at 4.

[18] *See Garcia-Mondragon v. United States*, No. 05-CV-173, 2006 WL 2635729, at *2 (S.D. Tex. Sept. 13, 2006) (dismissing ineffective assistance claim where petitioner initially requested counsel to appeal but later reconsidered based on counsel's advice that "things could get worse" if he appealed); *Wood v. United States*, No. 10-CV-646A, 2011 WL 294481, at *2 (W.D.N.Y. Jan. 27, 2011) (dismissing ineffective assistance claim where "petitioner initially claimed that he told his attorney to file a notice of appeal and his attorney failed to do so, petitioner later acknowledged that after discussing the benefits and disadvantages of filing an appeal with counsel, he and counsel agreed that the better course would be to forgo filing a direct appeal"); *Woods v. United States*, No. 08-CV-737, 2009 WL 3062456, at *9 (S.D. Ala. Sept. 17, 2009) (finding petitioner's claims that his attorney advised against the success of an appeal reflects that his attorney had a conference with petitioner regarding whether to file an appeal and that petitioner decided that not doing so was in his best interest, which supported dismissal of ineffective assistance claim).

against it. Instead, he states that he "accept[ed] . . . counsel['s] opinion" not to appeal.[19] As Petitioner's Motion indicates that he decided to forego an appeal after seeking the advice of counsel, he cannot establish that, but for counsel's allegedly deficient conduct, he would have appealed. Nor can Petitioner demonstrate that his counsel's performance was deficient.[20] The Court, therefore, fails to recognize any real constitutional implication regarding Petitioner's argument.

### B. Claim Two – Ineffective Assistance of Counsel for Failure to Argue Successfully That Petitioner's Guideline Score Overstated His Offense and Criminal History

Petitioner asserts that his counsel was ineffective for failing to persuade the Court that his total offense level over-stated the seriousness of the offense and his criminal history score over-stated the seriousness of his criminal history. The Sentencing Guidelines provide that a downward departure "may be warranted" if "defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."[21] In all cases, in determining the sentence to impose, a court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."[22]

The Court's review of counsel's arguments to the Court must be deferential.[23]

---

[19] Dkt. No. 1 at 4.
[20] See Flores-Ortega, 528 U.S. at 478 (noting that where "counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow" his client's instructions regarding an appeal).
[21] U.S.S.G. § 4A1.3(b)(1).
[22] 18 U.S.C. § 3553(a)(1).
[23] Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

An attorney is not ineffective when she fails to raise a meritless claim, press a frivolous point, file meritless motions, or make futile objections.[24]

In this case, there is no basis – and Petitioner has pointed to none – for asserting that a downward departure for over-representation was appropriate. Indeed, the record reflects that a request for a downward departure for over-representation would have been frivolous. Petitioner's criminal history category was V, based on eleven criminal history points.[25] Petitioner was ascribed points for several prior convictions, namely: felony aggravated sexual assault of a child under fourteen, felony possession of cocaine, and felony delivery of cocaine to a minor.[26] He also had several prior convictions – including felony possession of cocaine and two convictions for driving while intoxicated – that did not result in criminal history points.[27] At sentencing, the undersigned specifically stated that an upward variance for underrepresentation of Petitioner's criminal history would be justified.[28]

Further, as to Petitioner's offense level, he received a sixteen-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) due to a prior felony conviction considered sexual abuse of a minor. At sentencing, the undersigned addressed his offense level and noted that, even if his prior conviction of aggravated sexual assault of a child under fourteen is later not considered a crime of violence,

---

[24] *Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990).
[25] Cr. Dkt. No. 30.
[26] Cr. Dkt. No. 22 at 8–11.
[27] *Id.*
[28] Audio Recording of October 16, 2013, Sentencing at 3:57:45–3:58:30.

"my sentence would have been the same under my review of all of the 3553 factors."[29] Accordingly, Petitioner's counsel was not ineffective in failing to argue – let alone failing to argue successfully – for a downward variance based on over-representation of his criminal history or offense level. Nor can Petitioner show the requisite prejudice. His claim is therefore without merit.

### C. Claim Three – Fast Track Disparity Is Unwarranted

Petitioner's final claim is that "the fast track disparity is unwarranted under §3553(a)(6) and results in a sentence greater than necessary to meet the § 3553(a) purposes of punishment."[30] The Sentencing Guidelines allow for, but do not mandate, the adoption of what is commonly referred to as a Fast Track Program, if the program is "authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."[31] "Even in a fast track jurisdiction, a defendant is not automatically entitled to the benefits of the program. Fast track disposition is generally commenced by an offer from the government to enter into a plea agreement."[32] In dealing with a defendant's argument that this scheme results in disparate sentences, the Fifth Circuit has held that not only were disparate sentences allowable but were intended by Congress in enacting the fast track provision of the Sentencing Guidelines.[33] Accordingly, Defendant's contention under this ground of error is clearly without merit.

---

[29] *Id.* at 3:57:10–3:57:34.
[30] Dkt. No. 1 at 8.
[31] U.S.S.G. § 5K3.1.
[32] *United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008).
[33] *Id.*

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate (Dkt. No. 1; Cr. Dkt. No. 41) is hereby **DENIED**, his claims are **DISMISSED WITH PREJUDICE**, and his Application to Proceed In Forma Pauperis (Dkt. No. 2; Cr. Dkt. No. 42) is therefore **DENIED AS MOOT**. The Court finds that Petitioner makes no substantial showing of a denial of a constitutional right, and further, that any appeal would not be taken in good faith. Accordingly, should Petitioner seek a certificate of appealability, same is **DENIED**, and the Court certifies that any appeal should not be taken *in forma pauperis*.

It is so **ORDERED**.

**SIGNED** this 8th day of January, 2015.

_____
Marina Garcia Marmolejo
United States District Judge